UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

KATERINE AVILA,

    Plaintiff,

vs.

EL TORO LOCO LLC D/B/A EL TORO LOCO
CHURRASCARIA, a Florida Limited Liability
Company and JOAQUIN MARTINEZ,

    Defendants.

_____/

## COMPLAINT

Plaintiff KATERINE AVILA, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendants, EL TORO LOCO LLC D/B/A EL TORO LOCO CHURRASCARIA, a Florida Limited Liability Company (hereinafter, "EL TORO LOCO") and JOAQUIN MARTINEZ (hereinafter "MARTINEZ") individually, collectively ("Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the District.

1

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff at all times pertinent to this complaint, resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. During all times relevant to this Complaint, Plaintiff was employed by Defendants as to-go server. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. Defendant EL TORO LOCO is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida.  EL TORO LOCO has its principal place of business in Miami Florida. Defendant EL TORO LOCO, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, having five different locations in Miami Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant EL TORO LOCO is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, Defendant EL TORO LOCO is a restaurant where they use goods transported across interstate lines.

10. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that Plaintiff is covered under the FLSA through individual coverage.  Plaintiff regular and recurrently used the instrumentalities of interstate

commerce. Plaintiff took orders by phone, made sure orders were complete, and process payments.

11. At all times material to this Complaint, EL TORO LOCO, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

12. Defendant EL TORO LOCO upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Defendant MARTINEZ is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, EL TORO LOCO.

14. Defendant MARTINEZ acted directly in the interest of his company, EL TORO LOCO. Upon all available information, MARTINEZ controlled the manner in which Plaintiff performed her work and the pay she was to receive.

15. Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

16. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

17. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

18. Specifically, Plaintiff was a to-go server at the from on or about April 2018 until on or about December 2020 at the Westchester location.

19. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

20. During the course of her employment, Plaintiff worked between 50–65 hours per work week. Plaintiff earned $9.00/hour through the end of 2019, $10/hour during the beginning of 2020, and $11/hour towards the end of her employment. However, Plaintiff was not compensated at the rate of time and half for any of her hours over 40 in a work week.

21. A review of the pay stubs in which Plaintiff has in her current possession, custody, and control reflect that Plaintiff was compensated for all hours worked at her regular rate.

22. A review of the paystubs also reflect that Defendants routinely improperly retained a percentage of Plaintiff's tips. Specifically, Plaintiff's earned tip wages were routinely reduced by 25 to 50 percent per pay-period.

23. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

24. Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

25. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

26. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

27. Plaintiff is entitled to her reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME
## against EL TORO LOCO

28. Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 as if fully set forth herein.

29. This action is brought by Plaintiff to recover from Defendant EL TORO LOCO unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.* 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

30. Since the commencement of Plaintiff's employment, EL TORO LOCO has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times her regular rate.

31. Specifically, throughout her employment, Plaintiff regularly worked between 50-65 hours during each workweek in which she was employed. However, upon information and belief, she was only paid straight time for her overtime hours

32. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment

in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

33. EL TORO LOCO is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). EL TORO LOCO's business activities involve those to which the Fair Labor Standards Act applies.

34. The Plaintiff was a to-go server and was at all relevant times, covered by the FLSA.

35. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

36. EL TORO LOCO has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

37. Furthermore, EL TORO LOCO engaged in improper tip-pooling practices in that continuously retained at least 25% of Plaintiff's earned tips each pay period for improper purposes.

38. By reason of the said intentional, willful and unlawful acts of EL TORO LOCO, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

39. EL TORO LOCO never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

40. As a result of EL TORO LOCO's willful violations of the Act, Plaintiff is entitled to liquidated damages.

41. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from EL TORO LOCO.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
**VIOLATION OF FLSA/OVERTIME**
**against JOAQUIN MARTINEZ**

42. Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 as if fully set forth herein.

43. At the times mentioned, Defendant MARTINEZ was, and is now, a corporate officer of corporate Defendant, EL TORO LOCO.

44. MARTINEZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that JOAQUIN MARTINEZ acted directly in the interests of Defendant EL TORO LOCO in relation to their employees including Plaintiff.

45. Specifically, MARTINEZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

46. MARTINEZ had operational control of the business and is thus jointly liable for Plaintiff's

damages.

47. Defendant MARTINEZ willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**[SPACE INTENTIONALLY LEFT BLANK]**

## DEMAND FOR JURY TRIAL

Plaintiff, KATERINE AVILA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: March 26, 2021

          **PEREGONZA THE ATTORNEYS, PLLC**

          1414 NW 107th Ave,
          Suite 302
          Doral, FL 33172
          Tel. (786) 650-0202
          Fax. (786) 650-0200

          By: /s/Nathaly Saavedra
          Nathaly Saavedra, Esq.
          Fla. Bar No. 118315
          Email: nathaly@peregonza.com
          Juan J. Perez, Esq.
          Fla. Bar No. 115784
          Email: juan@peregonza.com